IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENNIS PRICE, ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| COLLINS POOL MANAGEMENT, ) | |
| LLC ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Dennis Price (hereinafter "Plaintiff"), and files this lawsuit against Defendant Collins Pool Management, LLC (hereinafter "Defendant"), and shows the following:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, and reasonable attorneys' fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 and § 1337, and 28 U.S.C. §1343(4).

4.

Defendant Collins Pool Management, Inc. is registered and licensed to do business in Georgia, and the unlawful employment practices described herein occurred at 25 Bellamy Place, Stockbridge, Georgia 30281.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.  Venue is also appropriate in this Court in accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), as Defendant Collins Pool Management's registered agent is located in the Northern District of Georgia.

## **PARTIES**

5.

Plaintiff is a male citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendants, as defined under 29 U.S.C. § 203(e).

7.

During his employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid an overtime wage differential.

8.

Defendant Collins Pool Management is a local corporation that is registered in Georgia and entitled to do business in Georgia.

9.

Defendant Collins Pool Management is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d).  Defendant Collins Pool Management is governed by and subject to the FLSA, 29 U.S.C. § 204 and § 207.

10.

Defendant Collins Pool Management is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

11.

Defendant Collins Pool Management's gross revenues exceed $500,000 per year.

12.

Defendant Collins Pool Management has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to pool cleaning supplies and tools.

13.

Defendant Collins Pool Management has employees that regularly make use of pool cleaning supplies and tools produced outside the state of Georgia when performing services for Defendant Collins Pool Management's customers.

14.

Defendant Collins Pool Management may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Shane Leon Collins, 25 Bellamy Place, Stockbridge, Georgia 30281.

## FACTUAL ALLEGATIONS

15.

Plaintiff worked for the Defendants from May 2012 through April 2013.

4

16.

Plaintiff's job duties included loading trucks with pool chemicals, blowers, vacuum cleaners, cleaning supplies for restrooms, motor replacements, and servicing commercial and residential pools.

17.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

18.

Plaintiff frequently worked from 6:00 a.m. through 8:00 p.m. Monday through Friday.

19.

Defendant frequently required Plaintiff to work on Saturdays every other week.

20.

Plaintiff frequently did not take lunch breaks.

21.

The time that Plaintiff worked for Defendant frequently exceeded forty (40) hours each week.

22.

Defendant did not pay Plaintiff an overtime differential for hours worked over forty (40) in a workweek.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

23.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

24.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

25.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

27.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine his wages, hours and other conditions and practices of employment, in violation of the FLSA.

28.

Defendant's conduct was willful and in bad faith.

29.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 USC §§ 207 and 206(d); liquidated damages as provided by FLSA, 29 USC § 216; prejudgment interest on unpaid wages pursuant to FLSA, 29 § 216; and court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA, 29 USC § 216,

and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(C)  Grant declaratory relief to the effect that Defendant violated Plaintiff's statutory rights; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 30th day of April, 2014.

                **BARRETT & FARAHANY, LLP**

                /s/ Abigail Larimer
                Benjamin F. Barrett
                Georgia Bar No. 039586
                Amanda A. Farahany
                Georgia Bar No. 646135
                Abigail Larimer
                Georgia Bar No. 999229

                *Attorneys for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

/s/ Abigail Larimer
Abigail Larimer
Georgia Bar No. 999229